```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF KENTUCKY
                      CENTRAL DIVISION at LEXINGTON
```

| | |
|---|---|
| RAUSEL LINCOLN CHATFIELD, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>)<br>MASTER COMMISSIONER, FAYETTE )<br>COUNTY, )<br>)<br>Defendant. ) | Civil Action No. 5:11-cv-113-JMH<br><br><br><br><br><br>**MEMORANDUM OPINION AND ORDER** |

           \*\*    \*\*    \*\*    \*\*    \*\*

This matter is before the Court on Plaintiff's Motion for a Temporary Injunction [DE 1], which has been submitted for review by the undersigned. The Court has carefully considered that document, the sole paper filed by Plaintiff in this matter, and concludes that his request for relief must be denied.

First, Plaintiff has failed to properly commence a suit against Defendant. Fed. R. Civ. P. 3 provides that "[a] civil action is commenced by filing a complaint with the court," and Defendant has not filed a complaint. His claim must be dismissed on this ground alone.

Second, even if the Court construes Plaintiff's Motion for Temporary Injunction as both a motion and a complaint which properly commences this civil action "so as to do justice," under Fed. R. Civ. P. 8(e), Plaintiff has failed to meet the requirements of Fed. R. Civ. P. 65(b)(1) for a temporary restraining order. Specifically, he has not set forth facts in an affidavit or a

verified complaint which "clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1)(A). Without an affidavit or verified complaint setting forth the specific facts supporting his request for relief, his motion for a temporary restraining order must be denied.

Further, even if the statements made in his Motion were sworn or verified as required, a temporary restraining order would be inappropriate because Plaintiff would be unable to show "a 'strong' likelihood of success on the merits" of his claim. *See Gonzales v. Nat'l Bd. of Med. Exam'rs*, 225 F.3d 620, 625 (6th Cir. 2000) ("Although no one factor is controlling, a finding that there is simply no likelihood of success on the merits is usually fatal."); *see also Ne. Ohio Coal. for Homeless v. Blackwell*, 467 F.3d 999, 1009 (6th Cir. 2006) (recognizing that the factors required for a temporary restraining order are the same as preliminary injunction). Specifically, any claim that Plaintiff *might* have against the Master Commissioner depends on action that *might* be taken pursuant to an order that *might* be entered at some point in the future. A constitutional claim is not amenable to the judicial process when it is filed too early, making it unripe, as in this case. *Warshack v. United States*, 532 F.3d 521, 525 (6th Cir. 2008). Without a claim ripe for adjudication, Plaintiff cannot show a likelihood of success on the merits, and both his motion and

any overall request for relief fail on these grounds, as well.[1]

Accordingly, for all of the reasons set forth above, **IT IS ORDERED**:

(1) that Plaintiff's Motion for a Temporary Injunction [DE 1] is **DENIED**;

(2) that Plaintiff shall have until **APRIL 11, 2011**, to **SHOW CAUSE** in writing in the record why this matter should not be dismissed without prejudice for the reasons stated above.

This the 30th day of March, 2011.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge

---

[1] The Court questions, as well, whether it would even have jurisdiction or should exercise jurisdiction over this matter if Plaintiff's claim of deprivation of due process was properly presented and ripe. Plaintiff alleges injury as a result of an order (or a potential order, as the case may be) of the Fayette Circuit Family Court. Assuming a final order, the *Rooker-Feldman* doctrine would apply and deprive this Court of jurisdiction to consider it. *See Exxon Mobile Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 281 (2005) (holding that *Rooker-Feldman* doctrine precludes federal court action "brought by state court losers complaining of injuries caused by state-court judgments rendered before the federal district court proceedings commenced . . . ."). If the order was interlocutory and the state court matter remained pending, the Court would strongly consider abstaining from interfering in the state court action by virtue of the *Younger* abstention doctrine, assuming an on-going state court proceeding implicating an important state interest and adequate opportunities in those state court proceedings to raise a constitutional challenge. *See Fieger v. Cox*, 524 F.3d 770, 775 (6th Cir. 2008).